

FILED
OCT – 5 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JEROME HERBERT            )
                             )
         Plaintiff,      )
                             )
v.                          )      1:09-cv-1111
                           )
HARRIS TEETER, INC.,   )
                           )
        Defendant.    )

## MEMORANDUM OPINION

This motion is before the court on defendant Harris Teeter, Inc.'s Motion for Summary Judgment (Dkt. No. 42) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### Background

Plaintiff Jerome Herbert was employed in various departments at Harris Teeter Inc., a grocery retailer, in several Virginia stores from November 2006 to March 2009. Herbert claims that during this time he was subjected to discrimination on the basis of his African American heritage, and was retaliated against for complaining about discrimination, conditions which, he claims, ultimately led to the termination of his employment with Harris Teeter in March 2009. Plaintiff also alleges violations of the Fair Labor Standards Act relating to unpaid time, and for violations of public policy relating to the packaging and sale of out-of-date meats.

### Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has held that Rule 56(c) mandates the entry of summary judgment, "against a party who

1

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The non-moving party must then go beyond the pleadings and mere allegations to "set forth specific facts showing that there is a genuine issue for trial." Id. at 323. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).


**Count I: Violation of the Fair Labor Standards Act**

Herbert claims that he is owed for uncompensated overtime pay for hours worked greater than 40 hours per week, in violation of the Fair Labor Standards Act. The Fair Labor Standards Act (FLSA), 29 U.S.C. §207, states that an employee must be paid overtime wages for hours worked in excess of 40 hours per week. Plaintiff Herbert was a non-exempt, hourly employee who claims that supervisors punched his time card out for mealtimes that he did not take and for which he should have been compensated. Herbert also claims that he worked through lunches that were punched out on his time card, causing longer working hours that should have resulted in overtime pay.

The FLSA includes a two-year statute of limitations, unless the cause of action arose out of a willful violation, where the limitations period extends to three years. 29 U.S.C. § 255(a). In this case, Plaintiff's alleged overtime hours were worked before October 2, 2007 and are time-barred by the two year statute of limitations, unless Plaintiff can show willfulness by Harris Teeter. Willfulness can be found if an employer knows, or shows reckless disregard as to whether its conduct is prohibited by the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Herbert has failed to allege or show facts demonstrating that Harris Teeter's actions were willful violations of their obligations under the FLSA. Summary judgment is therefore GRANTED as to the claims in Count I that relate to dates worked prior to the limitations date of October 2, 2007. The Plaintiff may present the remaining claims to the jury.

**Counts II and III: Discrimination, Retaliation, and Hostile Work Environment**

The Federal Anti-Discrimination Statute, 42 U.S.C. § 1981, under which the Plaintiff brings this claim, requires plaintiff to establish that he was the victim of intentional discrimination or retaliation either through direct evidence or through circumstantial evidence via the framework set articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004) (noting that the *McDonnell Douglass* framework has been used to evaluate §1981 discrimination claims). Plaintiff can prove discrimination using direct or circumstantial evidence. If the Plaintiff proceeds with circumstantial evidence, the *McDonnell Douglass* scheme requires a plaintiff to establish a *prima facie* case of discrimination by demonstrating that: (1) he is a member of a protected class, (2) he is qualified for the position that he held or sought, (3) he suffered an adverse employment action, and (4) the adverse employment action gave rise to an inference of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218-19 (4th Cir. 2007). If the Plaintiff succeeds with showing each element, the employer then must respond with evidence that the events occurred for a non-discriminatory reason and not a pretext for unlawful discrimination.

Plaintiff Herbert is African American and is therefore a member of a protected class. Plaintiff then must prove that he suffered an adverse employment action in order to make out a claim for discrimination and/or retaliation. An adverse employment action is defined as "a discriminatory act which adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004). However "not everything that makes an employee unhappy is an adverse action." *Settle v. Baltimore County*, 34 F. Supp. 2d 969, 989 (D. Md. 1999), aff'd, 203 F.3d 822 (4th Cir. 2000). Actions that are "nothing more than routine, day-to-day work occurrences [that do not] adversely affect [the employee's] job position or compensation" are not actionable. *Green v. Fairfax County Sch. Bd.*, 832 F. Supp. 1032, 1040 (E.D. Va. 1993), aff'd, 23 F.3d 400 (4th Cir. 1994). Herbert resigned from his employment with Harris Teeter in March 2009 and immediately began a new job with another grocery store, albeit at a lower rate of pay. He claims that 'constructive termination' resulted when he was unable to be transferred to the department where he preferred

to work. The Fourth Circuit has held that a job reassignment does not satisfy the requirement for an adverse employment action. *James v. Booz-Allen & Hamilton,* 368 F.3d 371, 372 (4th Cir. 2004).

However, what qualifies as an adverse employment action varies slightly depending on whether the claim is for discrimination or for retaliation, therefore, we must examine whether the standard is met for each of Herbert's claims. An action must have adverse effect on the "compensation, terms, conditions, or benefits" of the employment to serve as the basis for a discrimination claim. *See James v. Booz-Allen & Hamilton, Inc.,* 368 F.3d 371, 375 (4th Cir. 2004). In the present case, the practical consequences of the failure to transfer the Plaintiff out of his position did not have any effect on the compensation, terms or conditions of his employment with Harris Teeter, and the standard is not met as to the discrimination claim.

Plaintiff alleges that constructive termination constitutes the adverse employment action against him. To find constructive termination, a reasonable jury must be able to determine that (1) Harris Teeter's actions were deliberate and motivated by racial bias, and (2) that the working conditions at Harris Teeter were objectively intolerable. *See Honor v. Booz-Allen & Hamilton, Inc.,* 383 F.3d 180, 187 (4th Cir. 2004). While a demotion or other "harbinger of dismissal" can constitute constructive discharge, dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions will not. *Id.* Plaintiff claims that the manager of the deli and fresh foods department, Lee Carter, referred to plaintiff and other employees using racial slurs on a daily basis. In order for such conduct to materially alter the terms and conditions of employment, the use of such epithets must be more than episodic; they must have been continuous and pervasive. Herbert claims that the use of the racial slurs occurred almost daily; Harris Teeter asserts that the use of the objectionable language occurred on only three isolated occasions. A question remains as to the objective intolerability of the environment.

Assuming, however, that Herbert can prove that the conditions working under Lee Carter were objectively intolerable, he must also show that Harris Teeter deliberately created the conditions in order to pressure Herbert to quit. *James v. Booz-Allen Hamilton, Inc.,* 368 F.3d 371, 378 (4th Cir. 2004). Plaintiff admits that after he complained about the use of "racial

4

words" to store manager Lowell Murdoch, the offensive language improved for a period of time but that it resumed again. The record appears to reflect inconsistent testimony on this point given by the Plaintiff and his credibility will be put to the test at trial.

The Supreme Court has held that the level of adversity necessary for a retaliation claim is lower than that required to sustain a claim for discrimination, and the standard is an objective one from the perspective of a reasonable employee. *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Under *Burlington*, a retaliation plaintiff must demonstrate that "a reasonable employee would have found the challenged action materially adverse," which "means [that] it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68. "By focusing on the materiality of the challenged action and the perspective of a reasonable person in the plaintiff's position, we believe this standard will screen out trivial conduct while effectively capturing those acts that are likely to dissuade employees from complaining or assisting in complaints about discrimination." *Id.* at 69-70. While the Fourth Circuit has found that poor performance evaluations and removal from an alternate work schedule may not satisfy the materially adverse requirement, *Parsons v. Wynne*, 221 F. App'x 197, 199 (4th Cir. 2007), ultimately "context matters" and the determination is particular to the circumstances of the plaintiff. *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 71 (2006). Based on the record, a jury could reasonably conclude that a reasonable employee could perceive the challenged action as materially adverse.

Herbert claims that as a result of complaining about racial discrimination, he was retaliated against by being demoted. He states that he complained to superiors on several occasions and nothing was done to stop the offending managers from using racial slurs directed at him or others. He claims that he was 'written up' for performance-related issues and that the marks on his file prevented him from being transferred. He claims disparate treatment with regard to his inability to transfer positions because of the write ups; he alleges that white employees were given transfers even after receiving write ups. Harris Teeter responds, and employment records show that the disciplinary actions were related to tardiness and work performance. The record contains evidence from which a jury could reasonably conclude that a reasonable employee could perceive the challenged actions as materially adverse. Again,

Plaintiff's position is inconsistent with evidence that Harris Teeter put forth, and his credibility will be tested at trial. For these reasons, the Motion for Summary Judgment as to Counts II and II of the Complaint is DENIED.

**Count IV: Violation of Public Policy**

Plaintiff raises a type of claim recognized by the Supreme Court of Virginia in *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (Va. 1985). Herbert claims that his managers in the meat and fresh foods departments required him to repackage and re-label expired meats for continued sale to customers, and to slice and sell unlabeled or undated lunch meats, an alleged violation of Virginia Code §3.2-5127. Herbert claims that his refusal to repackage and sell outdated meat resulted in his being demoted and ultimately contributed to his resignation from employment with Harris Teeter.

The relevant statute states: "It is unlawful for any person holding or offering for retail sale any meat, poultry, or seafood in packaged form who affixes to such food a label containing a date by which such food is to be sold, to willfully remove, alter, mutilate, destroy, or obscure the dated portion of the label on the package, unless the dated portion of the label is removed in connection with the repackaging of such food, or to correct bona fide typographical errors. If the dated portion of the label is removed and a replacement label is attached when such food is repackaged, the replacement label shall bear the original date by which the food is to be sold or an earlier date. Any person who violates any provision of this section is guilty of a Class 3 misdemeanor." Va. Code §3.2-5127. This statute may fall within the category of statutes that can be used to support a public policy exception to the at-will employment rule in Virginia, since it is clearly designed to protect the health, safety and welfare of the general public by prohibiting the sale of improperly labeled or outdated meats to the public. However, no Virginia authority of which this court is aware has permitted the use of the statute in the manner proposed by the plaintiff.

In addition to alleging a violation of an eligible statute, the aggrieved employee "must also be a member of the class of individuals that the specific public policy is intended to benefit in order to state a claim for wrongful termination in violation of public policy." *City of Virginia*

6

*Beach v. Harris*, 259 Va. 220, 523 S.E.2d 239 (Va. 2000). Assuming, without deciding, that constructive termination or demotion can form the basis of a claim, Plaintiff nevertheless fails because as an employee, he does not fall within the class of people the statute intended to benefit. For these reasons, the Motion to for Summary Judgment as to Count IV is GRANTED.

/s/

Liam O'Grady
United States District Judge

October 5, 2010
Alexandria, Virginia